IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 6 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-02565-BNB

RICHARD LANFORD,

      Plaintiff,

v.

JOSEPH ORTIZ, as individual acting under color of law,
JIM MICHAUO, as individual acting under color of law,
JAMES ABBOTT, as individual acting under color of law,
CARL HOLDITCH, as individual acting under color of law,
MIKE BERGONDO, as individual acting under color of law,
LINDA HAYETT, as individual acting under color of law,
JOHN O'SULLIVAN, as individual acting under color of law,
CATHIE HOLST, as individual acting under color of law, and
PATTY SOJACH, as individual acting under color of law,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff Richard Lanford is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City. He filed *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and a civil rights complaint pursuant to 42 U.S.C. § 1983 (2003) for money damages and injunctive relief. Mr. Lanford has been granted leave to proceed pursuant to § 1915.

      The Court must construe the complaint liberally because Mr. Lanford is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lanford will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lanford's complaint is vague. The complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See*

Fed. R. Civ. P. 8(a)(2).  Mr. Lanford apparently is a sex offender who is in the Sex Offender Treatment Program.  He alleges that Defendants have conspired against him. He specifically alleges that on July 1, 2005, Defendant Patty Sojach wrote a mental health treatment plan that bans him from receiving magazines; that he was forced to sign a document apparently indicating his agreement with the ban; and that he is being treated differently than other sex offenders who are able to receive magazines.

Rather than summarizing each claim succinctly, Mr. Lanford apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated.  That is not the Court's job.  It is Mr. Lanford's responsibility to edit and organize his claims and supporting allegations into a manageable format.  Neither Defendants nor the Court is required to do this work for him.  Mr. Lanford must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Lanford also must assert each Defendant's personal participation in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant, such as DOC

3

Executive Director Joseph Ortiz, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Lanford should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Lanford is advised that he must provide sufficient copies of the amended complaint to serve each named Defendant. The Court will not make the copies necessary for service. Therefore, Mr. Lanford should review his claims carefully to ensure that each named Defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Lanford file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

4

FURTHER ORDERED that the clerk of the Court mail to Mr. Lanford, together with a copy of this order, two copies of the following form for use in submitting the amended complaint:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Lanford submit sufficient copies of the amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Lanford fails to file an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 6, 2007, at Denver, Colorado.

BY THE COURT:

_s/ Boyd N. Boland_____
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  06-cv-02565-BNB

Richard Lanford
Reg. No. 109295
CTCF
PO Box  1010
Cañon City, CO 81215- 1010


     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _7-6-07_


                         GREGORY C. LANGHAM, CLERK


                    By:_____
                              Deputy Clerk